ELISHA PARDNER v. ANN E. GRUGAN, ET AL.

Husband and Wife—Executory Contract—Specific Performance—Resulting Trust.

The plea of cooverture will protect a wife against a specific enforcement of an executory sale by her husband and herself, but under appallants prayer for general relief he is equitably entitled to a restitution of the amount paid by him to the appellee and her husband. Successful resistance would be a fraud on appellant, and therefore, by a resulting trust, a lien attached to her equitable interest in the land.

APPEAL FROM ANDERSON CIRCUIT COURT.

February 3, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Although satisfied that Grugan, the appellant's husband, paid with his own means most of the consideration of her portion of the land sold by Mourning to herself, father and mother, jointly, yet her plea of coverture protects her from a specific enforcement of the executory sale by her husband and herself to the appellant. And so far there is no vailable error in the dismission of the appellant's petition.

But under his prayer for general relief, it seems to us that he is equitably entitled to a restitution of the amount admitted to have been paid by him to the appellee and her husband, and she may be presumed to have gotten the whole of it, the $100 left with her by her husband and the $180 of his money which she got with Illona's order.

Her father and herself were both actually privy to the sale to the appellant, the father showing the boundary, and she, though suggesting some objection to the sale, not intimating to the appellant that her husband's contract would ever be repudiated or questioned by her. On that implied assurance the appellant paid to her use $250, which operates as an equitable estoppel against resistance to restitution.

Successful resistance would be a fraud on the appellant, and, therefore, by a resulting trust, a lien attaches to her equitable

interest in the land, which the appellant has an equitable right to enforce; as to restitution, therefore, the dismission of the petition was erroneous.

Wherefore, the judgment is reversed, and the cause remanded for an enforcement of the lien on equitable terms.

*Draffin, for appellant.*

*Lindseys, for appellees.*